2026 IL App (1st) 260289-U

No. 1-26-0289B

Third Division
June 30, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 25 CR 1034001 |
| v. | ) ) | The Honorable |
| ERIC WILSON, | ) ) | Charles P. Burns, Judge Presiding. |
| Defendant-Appellant. | ) ) | |

_____

JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held:*  The circuit court's order finding that defendant's continued pretrial detention was necessary is affirmed, where the proffered evidence established that no pretrial conditions could mitigate the risk posed by defendant.

¶ 2    Defendant Eric Wilson appeals from the circuit court's order finding his continued pretrial detention necessary, pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2024)), as amended by Public Acts 101-652 and 102-1104 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). On appeal, defendant contends that the State failed to establish that there were no conditions which could mitigate

the risk he posed to the safety of others. For the reasons that follow, we affirm the circuit court's order.

¶ 3                                                      BACKGROUND

¶ 4          On August 10, 2025, defendant was arrested and subsequently charged by indictment with eight offenses, including (1) one count of unlawful possession of a firearm by a repeat felony offender (720 ILCS 5/24-1.7(a) (West 2024)), (2) two counts of unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)), (3) two counts of aggravated unlawful possession of a weapon (*id.* § 24-1.6(a)(1)), (4) one count of aggravated possession of a stolen motor vehicle (625 ILCS 5/4-103.2(a)(7)(A) (West 2024)), and (5) two counts of aggravated fleeing from a peace officer (*id.* § 11-204.1(a) (West 2024)). The State filed a petition for pretrial detention, alleging that (1) the proof was evident or the presumption was great that defendant had committed a detainable offense, (2) defendant posed a real and present threat to the safety of any person or persons or the community, and (3) no condition or combination of conditions could mitigate those risks.

¶ 5          After a hearing, on August 11, 2025, the circuit court entered an order granting the State's petition for pretrial detention. The circuit court found that the State had shown, by clear and convincing evidence, that the proof was evident or the presumption was great that defendant had committed a detainable offense under section 110-6.1(a) of the Code, namely, unlawful possession of a weapon by a felon, and that defendant posed a real and present threat to the safety of the community which could not be mitigated by conditions short of pretrial detention. As such, the circuit court ordered defendant to be detained and remanded to the custody of the Cook County sheriff pending trial.

¶ 6        On October 6, 2025, defendant filed a petition for pretrial release, contending that part of the basis for the circuit court's original pretrial detention order was the fact that he was on mandatory supervised release for a different offense at the time, and the Illinois Department of Corrections had issued a hold due to the new arrest. He claimed, however, that the mandatory supervised release had since been terminated and requested that the circuit court review his current detention status. The parties came before the circuit court[1] for a hearing on defendant's petition, where the circuit court determined that defendant's continued detention was necessary.

¶ 7        On November 25, 2025, defendant filed a second petition for pretrial release, in which defense counsel highlighted the "steps to better himself" which defendant had taken since being detained, and explained that his most recent failures to appear in court for other cases had occurred due to his hospitalization. As such, defendant requested that the circuit court review his detention status and grant him pretrial release.

¶ 8        The parties came before the circuit court for a hearing on defendant's petition on December 1, 2025. The State's proffer established that, at approximately 6:20 p.m. on August 10, 2025, a license plate reader informed police that defendant's vehicle, which was wanted in connection with an armed robbery, was driving southbound on Lake Shore Drive. An officer relocated to the area, where the vehicle was spotted on Lake Shore Drive near Promontory Point. The officer pulled behind the vehicle, which responded by driving through a red light at the intersection without stopping. The officer activated his emergency equipment and pursued the vehicle on Lake Shore Drive; the vehicle reached speeds of 75 miles per hour in a 35-mile-

---

[1] We note that the judge who heard the motion was not the same judge who entered the initial pretrial detention order.

per-hour zone. The vehicle drove through an additional two red lights without stopping, as well as at least five stop signs, before colliding with another vehicle. Defendant's vehicle continued driving, but struck a light post. Defendant then exited the vehicle and fled on foot, where he was apprehended by the officer. After searching defendant's vehicle, police recovered a loaded Glock 22 .40-caliber firearm with a live round in the chamber and a loaded extended magazine, located on the passenger's side floorboard; defendant was the sole occupant of the vehicle, and did not possess either a firearm owners identification (FOID) card or a concealed carry license. Defendant also had on his person a reprogrammed key fob.

¶ 9       At the time of the offense, defendant was on parole for a 2024 aggravated unlawful use of weapon conviction, and had been previously convicted of domestic battery, for which he had received one year imprisonment. In addition, defendant had been convicted of two concurrent possession of stolen motor vehicle charges in 2019 and 2021—one in Will County and one in McHenry County—for which he received five years' imprisonment; a 2019 residential burglary for which he received five years; a 2018 aggravated fleeing and eluding conviction for which he received 20 months; a 2018 burglary for which he received two years; concurrent 2015 and 2016 thefts, for which he received four and a half years; concurrent 2013 and 2014 possession of stolen motor vehicle convictions for which he received four years; a 2012 aggravated unlawful use of a weapon conviction for which he received one year; and a 2012 misdemeanor conviction for criminal trespass to vehicle for which he received probation, which was terminated unsuccessfully. Defendant had five failures to appear in court, the most recent of which was in 2024.

¶ 10      In response, defense counsel noted that defendant had not been charged with armed robbery in connection with the vehicle, and that he had borrowed the vehicle from a friend and was

4

unaware that it had been used in alleged illegal activity. Counsel further noted that defendant "made a very regrettable decision to flee instead of following the police's directions," but that during the time he had been held in jail, he had worked to better himself so that he would have the skills to more appropriately handle "frightening" situations if he was released. Counsel also explained that defendant's last two failures to appear occurred in concurrent cases, and he missed the court dates due to his being hospitalized. Upon his release from the hospital, on counsel's advice, he turned himself in and the warrants were resolved. Counsel argued that there were conditions which would mitigate any concerns that the circuit court might have, and requested that defendant be released with a curfew.

¶ 11 After considering the parties' arguments, the circuit court entered an order denying defendant's petition for pretrial release. As relevant to the instant appeal, the circuit court found that there were no conditions which could mitigate the threat posed by defendant, as he was on parole at the time of the instant occurrence and chose to flee from police. The circuit court observed that, if it imposed restrictions such as electronic monitoring or a curfew, defendant would still be entitled to unrestricted movement, which would not prevent him from possessing another weapon. The circuit court accordingly ordered defendant's continued detention.

¶ 12 On January 30, 2026, defendant filed a motion for relief, requesting that the circuit court reconsider its December 1, 2025, finding concerning his pretrial detention. While defendant acknowledged that "the State's proffer of facts meets its burden as to the first two factors [for pretrial detention]," he contended that the State did not establish that there were no conditions which could mitigate the safety risk to the community. As such, he maintained that the circuit court's finding that his continued detention was necessary warranted reconsideration. Defendant's motion for relief was denied on February 2, 2026, and this appeal follows.

¶ 13                                    ANALYSIS

¶ 14        On appeal, defendant contends that the State failed to establish that there were no conditions which could mitigate the risk he posed to the safety of others. The Act provides that a defendant may be denied pretrial release if the State proves by clear and convincing evidence that (1) the proof is evident or the presumption is great that the defendant has committed a qualifying detainable offense, (2) the defendant poses a real and present threat to the safety of any person or persons or of the community, and (3) no condition or combination of conditions can mitigate the threat to the safety of any person or persons or of the community. 725 ILCS 5/110-6.1(e) (West 2024). In addition, once a defendant has been detained pursuant to section 110-6.1(e), the Act requires that, "[a]t each subsequent appearance of the defendant before the court, the judge must find that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." *Id.* § 110-6.1(i-5).

¶ 15        Our supreme court has instructed that, with respect to an initial detention hearing, where the parties proceed solely by proffer, "the reviewing court is not bound by the circuit court's factual findings and may therefore conduct its own independent *de novo* review" of the evidence. *People v. Morgan*, 2025 IL 130626, ¶ 54. Some courts have also applied the supreme court's reasoning to continued detention hearings conducted by proffer, reviewing the circuit court's decision on continued detention *de novo*. See, *e.g.*, *People v. Brito*, 2025 IL App (1st) 242601-U, ¶ 45. We have no need, however, to resolve the question as to the appropriate standard of review, as our decision would be the same regardless of the standard applied.

¶ 16    In this case, defendant argues only that his continued detention was unnecessary where there were pretrial conditions which would mitigate any risk he posed. Defendant focuses on the circuit court's comments concerning the effectiveness of electronic monitoring and curfews, and claims that "[i]t is error for a court to deny a request for pretrial electronic monitoring because the defendant has the statutory right to essential movement." The circuit court, however, did not deny his request for electronic monitoring "because the defendant has the statutory right to essential movement." Instead, the circuit court determined that, given defendant's history of noncompliance with the law—including allegedly obtaining a firearm when he was not legally entitled to do so and committing the instant alleged offenses while on parole—electronic monitoring would not suffice to mitigate the threat defendant posed to the safety of the community. We can find no error in this conclusion. See, *e.g.*, *People v. Lanier*, 2025 IL App (1st) 242603, ¶ 79 ("Electronic monitoring and curfews might tell the sheriff's office where he is but not what he is doing or what he possesses.").

¶ 17    We also observe that "the court is tasked with considering not just whether conditions short of detention exist, but also whether a defendant is likely to *comply* with them." (Emphasis in original.) *People v. Bueno*, 2024 IL App (2d) 240053, ¶ 13. As noted, at the time of the instant offense, defendant was on parole. Despite this, defendant allegedly possessed both a firearm which he was not legally entitled to possess and a stolen vehicle, which he used to flee from police. Defendant also possesses a lengthy criminal history, often including the same types of offenses, demonstrating that even criminal convictions have not prevented him from engaging in the same behavior. This history also includes five failures to appear in court. Defendant's actions with respect to his other cases are strong evidence that his continued detention is necessary. See *People v. Hongo*, 2024 IL App (1st) 232482, ¶ 36 (the defendant's "history of

failing to abide by prior conditions of release placed upon him, by possessing a weapon while prohibited from doing so, further suggests that continued detention is necessary to avoid the safety risk posed by defendant"); *People v. Lee*, 2024 IL App (1st) 232137, ¶ 33 (where defendant failed to comply with limitations placed on him by possessing a weapon while prohibited from doing so, pretrial detention was appropriate). While we recognize that defendant has made attempts to better himself during his pretrial detention, we disagree with defendant that this means that the facts require his pretrial release. Accordingly, we affirm the circuit court's finding that defendant's continued detention was necessary.

¶ 18                                    CONCLUSION

¶ 19     The circuit court's order finding that defendant's continued detention was necessary is affirmed, where the proffered evidence established that no pretrial conditions could mitigate the risk that defendant posed to the safety of the community.

¶ 20     Affirmed.